# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| ALLEN LAWRENCE, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 08-1292 (RMU) |
| | : | | |
| v. | : | Re Document No.: | 39, 44 |
| | : | | |
| SCOTT GUTHERIE *et al.*, | : | | |
| | : | | |
| Defendants. | : | | |

## MEMORANDUM OPINION

### GRANTING THE PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT; DENYING AS MOOT THE DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW

## I. INTRODUCTION

This matter is currently before the court on the *pro se* plaintiff's motion for leave to file a second amended complaint and the defendants' motion for judgment as a matter of law. Because the plaintiff's proposed amendment addresses an issue that is central to his claim, the court grants the plaintiff's motion. Consequently, the defendants' motion is denied as moot.

## II. BACKGROUND

The plaintiff is currently incarcerated at the U.S. Penitentiary located in Canaan, Pennsylvania. Am. Compl. at 1. The plaintiff commenced this action in 2008, alleging that his constitutional rights were violated during an unconstitutional search of his residence. *Id.* The defendants are the District of Columbia and Scott Gutherie, a Metropolitan Police Department ("MPD") detective. *Id.* The plaintiff's allegations may be summarized as follows: in June 2000, Superior Court Judge Rhonda Reid issued a warrant to search the plaintiff's residence. *Id.* at 2. Defendant Gutherie executed the search warrant. *Id.* During the search, defendant Gutherie seized the plaintiff's property, which included $5,369.00 in U.S. currency, 5 pairs of Nike tennis shoes and various personal papers. *Id.* The plaintiff contends that the search violated his Fourth

Amendment and Fifth Amendment rights, and he therefore seeks damages under 42 U.S.C. § 1983. *Id.*

The plaintiff's original complaint named defendant Gutherie and the Metropolitan Police Department. *See generally* Compl. In 2009, the plaintiff amended his complaint to include a claim against the District of Columbia. *See generally* Am. Compl.

In January 2011, the defendants moved for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) or, alternatively, for summary judgment under Federal Rule of Civil Procedure 56. *See generally* Defs.' Mot. for J. as a Matter of Law. The defendants argue, *inter alia*, that defendant Gutherie cannot be held liable because he did not execute the search warrant. *Id.* at 10. Rather, the defendants contend that Gutherie merely *signed* the search warrant, whereas a different officer searched the plaintiff's house. *Id.*

The court initially advised the plaintiff to respond to this motion on or before February 11, 2011. *See* Order (Jan. 14, 2011) at 3. Because it was unclear as to whether the plaintiff was properly served with the defendants' motion, however, the court later extended that deadline to March 4, 2011. *Id.* at 2. To date, the plaintiff has not responded. Instead, some seven weeks after the extended deadline had passed, the plaintiff filed the current motion to amend his complaint. *See generally* Pl.'s Mot. to Amend. The plaintiff now requests leave of this court to add as defendants those unknown MPD detectives who executed the search warrant. *Id.* at 2.

### III.  ANALYSIS

#### A.  Legal Standard for a Motion to Amend a Complaint

Under Federal Rule of Civil Procedure 15(a), a party may amend its pleading once as a matter of course within twenty-one days after serving it, or, if the pleading is one to which a

2

responsive pleading is required, within twenty-one days after service of a responsive pleading or within twenty-one days after the defendant files a motion under Rule 12(b), (e), or (f), whichever is earlier. FED. R. CIV. P. 15(a)(1).

Once the time to amend a pleading as a matter of course elapses, a plaintiff may amend the complaint only by leave of the court or by written consent of the adverse party. FED. R. CIV. P. 15(a)(2); *Foman v. Davis*, 371 U.S. 178, 182 (1962). The grant or denial of leave lies in the sound discretion of the district court. *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996). The court must, however, heed Rule 15's mandate that leave is to be "freely given when justice so requires." *Id.*; *see also Caribbean Broad. Sys., Ltd. v. Cable & Wireless P.L.C.*, 148 F.3d 1080, 1083 (D.C. Cir. 1998). Indeed, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman*, 371 U.S. at 182. Denial of leave to amend therefore constitutes an abuse of discretion unless the court gives sufficient reason, such as futility of amendment, undue delay, bad faith, dilatory motive, undue prejudice or repeated failure to cure deficiencies by previous amendments. *Id.*; *Caribbean Broad. Sys.*, 148 F.3d at 1083.

### B. The Court Grants the Plaintiff Leave to Amend His Complaint

The plaintiff currently seeks leave to amend his complaint to add as defendants those unknown MPD detectives who are allegedly responsible for executing the search warrant. Pl.'s Mot. to Amend at 2. The defendants argue in their opposition that this court should deny the motion "due to the futility of the amendment and undue delay." Defs.' Opp'n ¶ 3.

*Pro se* plaintiffs are generally subject to less stringent standards in filing and maintaining their lawsuits than those plaintiffs who are represented by lawyers. *See Haines v. Kerner*, 404

3

U.S. 519, 520 (1972). In particular, "[p]ro se litigants are afforded more latitude than litigants represented by counsel to correct defects in . . . pleadings." *Moore v. Agency for Int'l. Dev.*, 994 F.2d 874, 876-77 (D.C. Cir. 1993) (citing *Haines*, 404 U.S. at 520). The practice of freely giving leave to amend is thus "particularly appropriate" where *pro se* litigants are concerned. *Kidd v. Howard Univ. Sch. of Law*, 2007 WL 1821159, at *2 (D.D.C. June 25, 2007) (quoting *Wyant v. Crittenden*, 113 F.2d 170, 175 (D.C. Cir. 1940)).

Here, the defendants argue in their motion for judgment as a matter of law that the plaintiff's claim should be dismissed because it fails to name as a defendant the officer who actually conducted the search. Defs.' Mot. for J. as a Matter of Law at 10. The plaintiff's proposed amendment aims to rectify this error by adding the unknown officer who executed the search warrant. Pl.'s Mot. To Amend at 2. Notwithstanding the clear reason behind the plaintiff's motion, the defendants assert that the proposed amendment would be futile and that it would cause undue delay. Defs. Opp'n ¶ 3. The defendants, however, do not substantiate these conclusory allegations with any analysis or relevant case law. *See generally id.* Although the plaintiff has been less than diligent in prosecuting this action, the court is mindful that the plaintiff, as a *pro se* litigant, should be afforded more latitude than would be extended a party represented by counsel. In the absence of any showing that the proposed amendment would be futile or unduly prejudicial, the court grants the plaintiff's motion.

Because the court grants leave to amend the complaint, the defendants' motion for judgment as a matter of law is denied as moot. *See Gray v. D.C. Pub. Schs.*, 688 F. Supp. 2d 1, 6 (D.D.C. 2010).

## IV.  CONCLUSION

For the foregoing reasons, the court grants the plaintiff's motion for leave to file a second amended complaint.  In addition, the defendants' motion for judgment as a matter of law is denied as moot.  An Order consistent with this Memorandum Opinion is separately and contemporaneously issued this 11th day of August, 2011.

RICARDO M. URBINA<br>United States District Judge